## Prynn Estate.

Argued November 28, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused March 4, 1974.

*E. Charles Coslett*, with him *Cardoni, Coslett, Cappellini, Sobota, Piccone & Kane,* for appellants.

*Stephen A. Teller*, with him *Mitchell Jenkins, Frank Townend,* and *E. Walter Samuel,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, January 24, 1974:

On September 24, 1970, Gertrude Prynn executed, by mark, a last will and testament expressly revoking all previous wills. Two days later Mrs. Prynn died. Her will was probated on September 29, 1970. Testatrix's heirs-at-law, five first cousins, objected to certain charitable bequests[1] in the 1970 will on the theory that these bequests were invalid because made within thirty days of death. The Court of Common Pleas of Luzerne County, Orphans' Court Division overruled the objections. Exceptions to the adjudication were dismissed. We affirm.[2]

Mrs. Prynn's 1970 will revoked a holographic will dated January 22, 1962.[3] In the earlier instrument testatrix made several specific bequests to individuals and charities. The residuary estate was to be divided into four equal shares.[4] The 1970 will directed a tripartite

---

[1] The objections were filed pursuant to § 7(1) of the Wills Act of 1947, Act of April 24, 1947. P.L. 89, § 7(1), as amended, 20 Pa.S. § 2507(1) (Special Pamphlet 1972).

[2] This Court's jurisdiction attaches by the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202 (3), 17 P.S. § 211.202(3) (Supp. 1973).

[3] A codicil dated July 28, 1968, was also revoked. The provisions of the codicil are not germane to the issue presently before this Court.

[4] As the orphans' court noted in its adjudication, there is some question regarding the number of charities designated in the 1962 will as residuary beneficiaries. Our disposition makes unnecessary

division of the residue; the 1970 residuary beneficiaries are three of the four named in the 1962 document.[5]

The heirs-at-law asserted before the orphans' court that section 2507(1) of the Probate, Estates and Fiduciaries Code[6] invalidated testatrix's charitable gifts

---

a determination whether in 1962 testatrix intended the residue of her estate to benefit more than four charitable beneficiaries.

[5] The American Bible Society, the fourth residuary beneficiary of the 1962 will is the recipient of a specific bequest by the 1970 will.

[6] Wills Act of 1947, § 7(1), Act of April 24, 1947, P.L. 89, § 7(1), as amended, Act of April 22, 1970, P.L. 305, § 1, Act of June 30, 1972, P.L. 508, No. 164, 20 Pa.S. § 2507(1) (Special Pamphlet 1972).

"Wills shall be modified upon the occurrence of any of the following circumstances, among others:

(1) Death within 30 days; religious and charitable gifts. Any bequest or devise for religious or charitable purposes included in a will or codicil executed within 30 days of the death of the testator shall be invalid to the extent that someone who would benefit by its invalidity objects: Provided, That the Commonwealth shall not have the right so to object. No such objection shall be valid unless it is in writing signed by the objector and unless a copy thereof shall be filed with the clerk of the court having jurisdiction within six months of the probate of the will. Each person so objecting shall receive the share he would have received if the entire bequest or devise had been invalid and the balance, if any, of the bequest or devise shall be valid. The 30-day period shall be so computed as to include the day on which the will or codicil is written and to exclude the day of death. Unless the testator directs otherwise, if such a will or codicil could revoke or supersede a prior will or codicil executed at least 30 days before the testator's death, and not theretofore revoked or superseded and the original of which can be produced in legible condition, and if each instrument shall contain an identical gift for substantially the same religious or charitable purpose, the gift in the later will or codicil shall not be subject to objection; or if each instrument shall give for substantially the same religious or charitable purpose a cash legacy or a share of the residuary estate or a share of the same asset, payable immediately or subject to identical prior estates and conditions, the later gift shall not be subject to objection to the extent to which it shall not exceed the prior gift. If a bequest or devise is revoked

made within the thirty days of death to the extent the gifts exceeded those provided by her 1962 will. This provision, the heirs allege, nullified several specific bequests and the disposition of one-quarter of the residuary bequest. The heirs reasoned that since each of the three residuary beneficiaries were entitled to only one-quarter of the residue in the 1962 will, the increase to a one-third share in the 1970 will constituted a "new gift," invalid under section 2507(1). This portion of the residue and the new specific charitable bequests, it was argued, passed by intestacy to the heirs-at-law.

The orphans' court concluded that although the charitable bequests had been made within thirty days of death, they were not invalid. The court held that sections 2514(10) and (11) of the Probate, Estates and Fiduciaries Code[7] require that the challenged gifts, both specific and residuary, pass to the residuary beneficiaries and not to the heirs-at-law. The court could find no authority for decreeing a partial intestacy even if all residuary beneficiaries are charities taking "new gifts."[8] Since section 2507(1) invalidates a bequest only "to the extent that someone who would benefit by its invalidity objects," and the heirs could not benefit, the court held all charitable bequests, specific and residuary, valid. The heirs have renewed their argument on appeal.

We need not examine the reasoning of the orphans' court for we conclude that section 2507(1) specifically

within 30 days of death and the revocation has the effect of increasing the religious or charitable bequest or devise, such increase shall not be considered a new or additional bequest or devise for religious or charitable purposes within the meaning of this act."

[7] 20 Pa.S. §§ 2514(10) & (11) (Special Pamphlet 1972).

[8] In holding the residuary bequests valid, the orphans' court cited *Baum Estate*, 418 Pa. 404, 211 A.2d 521 (1965); *Yeakel Estate*, 23 Pa. D. & C.2d 17 (O.C. Lancaster County 1960); *Denney Estate*, 7 Fiduciary Rptr. 610 (O.C. Allegheny County 1957); and *York Estate*, 3 Fiduciary Rptr. 1 (O.C. Lehigh County 1952).

precludes the disposition advocated by the heirs.[9] The 1970 amendment to section 2507(1)[10] provides: "If a bequest or devise is revoked within 30 days of death and the revocation has the effect of increasing the religious or charitable bequest or devise, such increase shall not be considered a new or additional bequest or devise for religious or charitable purposes within the meaning of this act."

The 1970 will revoked all bequests made by the 1962 will including the bequest of one-quarter of the residuary estate to the American Bible Society. Thus, the bequests to the three 1970 residuary beneficiaries were increased by the revocation but, by the terms of the 1970 amendment to section 2507(1), these are not to be considered "new gifts." The three may therefore take their increased residuary shares. If any specific bequest in the 1970 will were found invalid, nothing would prevent it from passing by the residuary clause. Accordingly, the heirs could in no circumstances benefit from the invalidity of any bequest provided by the 1970 will. Since the heirs cannot benefit, they have no standing to object.[11]

---

[9] This Court may affirm the decision of a court of original jurisdiction if any ground for affirmance exists. *Concord Township Appeal*, 439 Pa. 466, 469, 268 A.2d 765, 766 (1970); *Ridley Township v. Pronesti*, 431 Pa. 34, 37, 244 A.2d 719, 720-21 (1968); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955).

See 20 Pa.S. § 794 (Special Pamphlet 1972).

"The Supreme Court of the Commonwealth shall, in all cases of appeal from a decree of the orphans' court division, hear, try and determine the same as to right and justice may belong, and decree according to the equity thereof . . . ."

[10] Act of April 22, 1970, P.L. 305, § 1, as amended, 20 Pa.S. § 2507 (Special Pamphlet 1972). This amendment, effective as of the date of approval, is applicable in interpreting this will since testatrix executed her will and died after the amendment's effective date.

[11] 20 Pa.S. § 2507 (Special Pamphlet 1972).

The orphans' court thus properly overruled the objections and dismissed the exceptions.

Decree of distribution affirmed. Each party pay own costs.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.