381 A.2d 441

E. J. McALEER & CO., INC., t/a Mrs. Paul's
Kitchens, Appellant,

v.

ICELAND PRODUCTS, INC. and Samband Isl.
Samvinnufelaga.

Supreme Court of Pennsylvania.

Argued Oct. 21, 1977.

Decided Dec. 23, 1977.

Reargument Denied Feb. 15, 1978.

Clark, Ladner, Fortenbaugh & Young, Samuel B. Fortenbaugh, Jr., Edward C. Toole, Jr., Philadelphia, for appellant.

Berman, Boswell, Snyder & Tintner, William D. Boswell, Harrisburg, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

OPINION

POMEROY, Justice.

The plaintiff-appellant, E. J. McAleer & Co., Inc., trading and doing business under the name of Mrs. Paul's Kitchens ("Mrs. Paul's") is a processor of frozen foods, primarily fish, for sale in the retail home market. In 1970 Mrs. Paul's instituted a suit against the defendant-appellees, Iceland Products, Inc., a New York corporation engaged in the processing of fish and having its principal office and place of business in Camp Hill, Pa., and Samband Isl. Samvinnufelaga, a cooperative of the Republic of Iceland and a worldwide marketer of frozen fish, alleging a breach of certain

purchase orders issued by the appellant and accepted by appellees for the sale and delivery of codfish blocks during the years 1969 and 1970. Following extensive discovery, a trial was held before Hon. G. Thomas Gates, specially presiding, sitting without a jury. On May 6, 1974 an adjudication was filed and verdict rendered in favor of appellees and against appellant.

Twenty-nine days later, on June 5, 1974, counsel for Mrs. Paul's obtained court permission, by order entered that day,[1] to file exceptions to the court's decision beyond the 20-day limit prescribed by Pa.R.Civ.P. 1038(d).[2] On June 25, 1974, pursuant to a petition of the defendants, the court granted a rule to show cause why the order of June 5 should not be vacated, Mrs. Paul's filed an answer to the rule[3] and,

1. The record indicates that the petition was presented to President Judge Dale F. Shughart of the 9th Judicial District (Cumberland County) who consulted with the trial judge, President Judge Gates of the 52d Judicial District (Lebanon County) before granting the petition. It does not appear that defendant-appellees at any time received notice of the June 5 petition prior to the court's action.

2. Pa.R.Civ.P. 1038 sets forth the applicable procedure following a non-jury trial in an assumpsit action. Paragraph (d) of that Rule provides:

"(d) Within twenty (20) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed."

On April 21, 1977, this Court promulgated a new Rule of Civil Procedure, (Rule 227.1) and amendments to Rules 1038 and 1518 fixing a uniform time of 10 days for the filing of post-trial motions in all civil cases. Our reasoning in the instant case would be equally applicable to the amended Rule 1038(d), effective 90 days following its publication.

3. The proper procedure to be followed in such a matter would be for the verdict-loser to petition for a rule to show cause why it should not be allowed to file exceptions beyond the 20-day period of Rule 1038(d). Notice of the granting of the rule and the return day would then be served upon the verdict-winners, who could thereafter file an answer. The issue would thus be properly framed for disposition.

by agreement of the parties, the issue was briefed and submitted to the court *en banc* without argument. On September 9, 1974, the court *en banc*, construing Rule 1038(d), n. 2 *supra*, held that the trial court was without authority to grant leave to a party to file exceptions following the expiration of the 20-day period and therefore vacated the June 5 order. Thereupon the prothonotary entered judgment for the defendants. On appeal, the Superior Court affirmed, per curiam. We allowed this appeal by Mrs. Paul's.

Appellant asserts that a trial court may, under appropriate circumstances, grant leave to file exceptions to a judge's decision notwithstanding that the 20-day period for doing so under Rule 1038(d) has expired. We agree with this proposition but nevertheless affirm the order below.[4]

The narrow issue presented by this case is the proper interpretation of paragraph (d) of Pa.R.Civ.P. 1038:

"(d) Within twenty (20) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. <u>Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters.</u> No motion for a new trial, for judgment non

While a rule to show cause may ordinarily be sought and obtained ex parte, relief from the strictures of a rule of court or court order should normally be granted only after notice to the adverse party.

4. We may, of course, affirm the decision of the trial court if the result is correct on any ground without regard to the grounds which the trial court itself relied upon. See *Mazer v. Williams Bros. Co.*, 461 Pa. 587, 594, n. 6, 337 A.2d 559, 562, n. 6 (1975); *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 604, n. 5, 327 A.2d 94, 96, n. 5 (1974); *Prynn Estate*, 455 Pa. 192, 197, n. 9, 315 A.2d 265, 267, n. 9 (1973). Thus, although we find that a trial court may, in its discretion, extend the 20-day period of Rule 1038(d), we conclude, for the reasons hereafter discussed, that the court did not abuse its discretion by not granting the extension.

obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed." (Emphasis added.)

It is true, as appellees assert, that a literal reading of the underscored portion of the above paragraph might preclude a filing of any exceptions beyond the 20-day period unless some exceptions are first timely filed, and leave is then obtained to file additional exceptions as to matters not covered by the initial exceptions. Thus if no exceptions are filed within the first 20 days, all rights under the rule are waived. A reading so literal would not comport with the liberality of construction which should attend the Rules of Civil Procedure,[5] and would be to disregard the teaching of Pa.R.Civ.P. 248. That rule provides:

"The time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court."

We thus hold that it is within the discretion of the trial court to allow exceptions under Rule 1038(d) to be filed out of time in a case where the particular circumstances indicate that there are good and sufficient reasons for so doing.[6]

We see no reason why the construction of the rule here adopted should in any material way delay the termination of

**5.** Pa.R.Civ.P. 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

**6.** We note that this conclusion is in accord with the views of the learned authors of Goodrich-Amram 2d in their treatment of Rule 1038(d):

"The exceptions [to a non-jury trial decision] must be filed within 20 days after notice of the filing of the decision is received from the prothonotary. Rule 1038 contains no specific provision for the extension of the 20-day period for filing exceptions. However, the broad equitable powers given the court under Rule 126, supra, and the specific power given in Rule 248, supra, to extend 'the time prescribed by any rule of civil procedure for the doing of any act' furnish all the needed authority. Moreover, Rule 1038(d) provides that leave may be granted prior to final judgment to file exceptions raising matters not covered by exceptions filed during the 20-day period." (Footnotes omitted.)

a case or impair the finality of litigation. As provided by Rule 1038(e), a verdict-winner need only file with the prothonotary, following expiration of the 20-day period, a praecipe for judgment in order to preclude the untimely filing of exceptions. Where the verdict-winner fails to reduce the verdict to judgment and can point to no prejudice resulting from the delay in the filing of exceptions, there is no valid basis for complaint if the losing party should seek leave to obtain an extension of time. See *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971).

Having concluded that in appropriate circumstances a trial court may extend the 20-day period of Rule 1038(d), it remains to be seen whether good and sufficient reasons for doing so existed in the instant case. No excuse was given by appellant for failing to file exceptions to the decision of Judge Gates. The failure was explained, however, by the frank acknowledgment of "inadvertence". Speaking for the court *en banc* below, Judge Gates noted:

> "We have intentionally avoided a discussion of the reason plaintiff assigns for not filing exceptions within the mandate of Rule 1038(d). We have done so for the simple reason that if inadvertence of counsel were a valid reason for disregarding the time limitation rules of our Supreme Court, then they might as well not have any rules at all." (Record at 57(a))

We agree with the court below that the appellant, Mrs. Paul's, has failed to present any legally cognizable reason for the failure to comply with Rule 1038(d). We therefore find no abuse of discretion in the lower court's refusal to allow the untimely filing of exceptions.

Order of the Superior Court affirmed.

PACKEL, J., files a dissenting opinion in which ROBERTS, J., joins.

PACKEL, Justice, dissenting.

The trial court, in this controversy involving in excess of four million dollars, concluded that it was without authority

to grant leave to file exceptions nine days late. I agree with the majority holding that the court below had that authority. I dissent because the matter should have been remanded to the trial court to exercise its sound discretion in reviewing the facts as to the delay, in light of our determination that it has such authority.

ROBERTS, J., joins in this dissenting opinion.