409 A.2d 1363

SEVEN SPRINGS FARMS, INC.,

v.

Theopholis F. KING and Catherine King, his wife, their heirs, devisees and assigns, generally, and Winona Eicher Wheat, Defendants.

Appeal of WINONA EICHER WHEAT.

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Sept. 12, 1979.

---

Charles M. Thorp, III, Pittsburgh, for appellant.

Carl E. Fisher, Greensburg, for appellees.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

PER CURIAM:

On November 1, 1976, after a non-jury trial, the lower court filed an opinion and entered a verdict in favor of appellee. Appellant failed to file exceptions, and judgment was entered on the verdict on December 9, 1976. On January 5, 1977, appellant filed an appeal to this court. On March 14, 1977, this court quashed the appeal without prejudice to seek relief in the lower court. On March 30, 1977, appellant moved the lower court to either strike or open the judgment of December 9, 1976, or to permit either an appeal *nunc pro tunc* or the filing of exceptions *nunc pro tunc*. All of these requests were denied, and this appeal followed.

The critical issue is appellant's failure to file exceptions to the court's verdict. In requesting that she be allowed to file exceptions nunc pro tunc, appellant has not demonstrated any reasons why her previous failure to file exceptions should be excused. Appellant's counsel had notice of the court's verdict on or about November 2, 1976, and he has not explained either why he failed to file exceptions before the entry of the judgment on December 9, 1976, or why he failed to request permission to file late exceptions thereafter. Based upon the present record, we agree with the lower court that the failure to file timely exceptions or to move to file late exceptions, must be attributed to mere inadvertence, which is not a sufficient excuse. *See E. J. McAleer & Co., Inc. v. Iceland Prods., Inc.*, 475 Pa. 610, 615, 381 A.2d 441, 444 (1977).

Since appellant failed to file exceptions to the verdict, her requests to strike or open the judgment entered on December 9, 1976, or to permit an appeal nunc pro tunc are of no practical significance. In any event, we have reviewed the record and have found no defect in the record or any other circumstance that convinces us that the lower court here abused its discretion in refusing to either open or strike the judgment or to permit an appeal nunc pro tunc.

Affirmed.