444 A.2d 173

Kathleen WELLONS

v.

METROPOLITAN LIFE INSURANCE COMPANY.

Appeal of Nancy Theresa WELLONS and Marshall
Lee Wellons, III.

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed April 12, 1982.

Bonnie Brigance Leadbetter, Philadelphia, for appellants.
Neil H. Stein, Philadelphia, for appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The instant appeal arises from an order of the lower court refusing to allow the filing of exceptions *nunc pro tunc* by the Appellants, against whom a verdict was entered following a non-jury trial. We are presented initially with a question of whether or not the order from which the appeal arises was final and appealable. Assuming that an appeal properly lies, we are presented with the substantive issue of

whether or not the lower court committed reversible error in denying the application to file post-trial exceptions *nunc pro tunc.*

The record shows that the Plaintiff-Appellee, Kathleen Wellons, brought suit in assumpsit against Metropolitan Life Insurance Company to obtain the proceeds of an insurance policy issued by Metropolitan on the life of her late husband, Marshall Lee Wellons, II. The Appellee was the beneficiary of the policy, but a question arose as to her entitlement to the proceeds since she had fatally shot the decedent. Metropolitan denied payment on the basis of the Slayer's Act, Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. § 8801 et seq. Metropolitan filed a petition for interpleader, placing the proceeds of the policy into an interest bearing account. The decedent's children by a prior marriage, Nancy Theresa Wellons and Marshall Lee Wellons, III, the Appellants herein, were interpleaded and subsequently filed a claim, through their mother and natural guardian, for the proceeds.

Motions for summary judgment were filed by each party, but both were denied by the lower court. The case came to trial in January, 1981, before the Honorable Thomas A. White. The sole issue before the Court was whether or not the Slayer's Act precluded any recovery by the Plaintiff-Appellee. The Court concluded that it did not and on January 26, 1981, Judge White entered a verdict in favor of the Plaintiff-Appellee. On January 28, 1981 the verdict was docketed. It appears that counsel for the Appellants received notice of the lower court's verdict on January 29, 1981. No exceptions were filed by the Appellants within ten days of the notice of the verdict, the time period permitted under Pa.R.Civ.P. 1038(d). On February 13, 1981, Appellants' counsel requested leave to file exceptions *nunc pro tunc.* The lower court denied that request and the instant appeal was thereafter timely filed from that order.

During the course of oral argument before this Court, a question was raised as to whether or not the instant appeal arose from an appealable final order. Leave was permitted

to the parties to brief this issue, and both have subsequently submitted statements of legal position to us. Both assert that the instant appeal arises from an appealable order, and we agree with that position. As a practical matter, the lower court's denial of the request to file exceptions *nunc pro tunc* had the effect of putting the Appellants out of court. Such circumstances create an appealable order. See *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975). In *Seven Springs Farms, Inc. v. King*, 269 Pa. Superior Ct. 361, 409 A.2d 1363 (1979), our Court noted that we had previously quashed a direct appeal, on the merits, by the appellant because timely exceptions had not been filed subsequent to the entry of a judgment. A motion to file exceptions *nunc pro tunc* was thereafter filed by the appellant and denied by the trial court. When that latter order was appealed, our Court considered the issue of whether the lower court had abused its discretion in denying the request to proceed *nunc pro tunc*. In the instant case, the same situation is apparent. We are not called upon here to address the merits of the Appellants' substantive claims, as such merits were not made the subject of timely exceptions. We are merely called upon to rule upon the propriety of the lower court's denial of a request to file a late appeal. Our review of that issue is clearly a proper exercise of our appellate authority.

We next consider the second issue before us, concerning the question of whether the lower court committed reversible error in its denial of the request by the Appellants to file exceptions *nunc pro tunc*. It is clear in the record that the only reason that exceptions were not timely filed in the instant case was the inadvertence of counsel who represented the Appellants at that time. Moreover, as the Appellants properly admit in their brief to this Court in the instant appeal: "Here, counsel erred by filing exceptions four days late. The reason for this blunder does not appear of record . . ." Thus, Appellants offer no grounds other than neglect for the failure to file timely exceptions, and merely argue

that they will be greatly prejudiced in these circumstances if they are not permitted to proceed *nunc pro tunc.*

■ It is well-established that contentions of the prejudice are insufficient to support the granting of the relief sought by the Appellants in the circumstances of the instant case. In *Seven Springs Farms, Inc. v. King, supra,* we stated:

> "The critical issue is appellant's failure to file exceptions to the Court's verdict. In requesting that she be allowed to file exceptions *nunc pro tunc,* appellant has not demonstrated any reasons why her previous failure to file exceptions should be excused. . . . Based upon the present record, we agree with the lower Court that the failure to file timely exceptions or to move to file late exceptions must be attributed to mere inadvertence, which is not a sufficient excuse." (Citations omitted) 269 Pa. Superior Ct. at 362, 409 A.2d at 1364.

The Supreme Court addressed the same issue in *E. J. McAleer & Co., Inc. v. Iceland Products, Inc.,* 475 Pa. 610, 615, 381 A.2d 441, 444 (1977), where the Court stated:

> "Having concluded that in appropriate circumstances a trial court may extend the 20-day period of Rule 1038(d), it remains to be seen whether good and sufficient reasons for doing so existed in the instant case. No excuse was given by appellant for failing to file exceptions to the decision of Judge Gates. The failure was explained, however, by the frank acknowledgment of "inadvertence". Speaking for the court *en banc* below, Judge Gates noted:
>
> > "We have intentionally avoided a discussion of the reason plaintiff assigns for not filing exceptions within the mandate of Rule 1038(d). We have done so for the simple reason that if inadvertence of counsel were a valid reason for disregarding the time limitation rules of our Supreme Court, then they might as well not have any rules at all.' (Record at 57(a))

We agree with the court below that the appellant, Mrs. Paul's has failed to present any legally cognizable reason for the failure to comply with Rule 1038(d). We therefore

find no abuse of discretion in the lower court's refusal to allow the untimely filing of exceptions."[1]

In view of the well-established law which is applicable in these circumstances, we conclude that the lower court did not commit an abuse of discretion in the denial of Appellants' request to be permitted to file exceptions *nunc pro tunc.*

Affirmed.

1. Rule 1038(d) was amended on April 21, 1977, to change the period for the filing of exceptions from twenty (20) days to ten (10) days, with the change effective ninety (90) days after April 30, 1977.