479 A.2d 6

**HANKEY EXCAVATING COMPANY**

v.

**Mr. and Mrs. Paul TRAYLOR, Appellants.**

Superior Court of Pennsylvania.

Submitted March 26, 1984.

Filed July 27, 1984.

148

Jerry B. Landis, Pittsburgh, for appellants.

James A. Taylor, Butler, for appellee.

Before SPAETH, President Judge, and BROSKY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Appellants, Mr. and Mrs. Traylor, file the instant appeal from an order of the lower court dismissing certain exceptions filed by the Appellants as untimely and entering judgment for the Appellee, Hankey Excavating Company. For the reasons explained below, we will remand this case for further proceedings.

The record shows that on December 17, 1979, the Appellee filed a complaint in assumpsit alleging that pursuant to an agreement, the Appellee had performed certain construction work for the Appellants on their property. The Appellee claimed it had not been fully paid and sought a recovery in the amount of $3,959.20. On April 11, 1980, the Appel-

lants filed an answer and counterclaim, contesting liability and asserting that by reason of negligent and defective work allegedly done by the Appellee, the Appellants suffered losses in the amount of $14,000.00.

The case was initially tried before a board of arbitrators and, on July 8, 1980, the arbitrators entered an award in favor of the Appellee on both its claim and the Appellants' counterclaim. A notice of appeal was filed by the Appellants on August 7, 1980. Thereafter the lower court fixed December 1, 1982 as the date for a non-jury trial. A copy of the court's hearing order was allegedly sent by the Prothonotary, by regular mail, to the Appellants' trial counsel, E. Larry Kovel. However, the Appellants have maintained that they never received a notice of the date of trial. A non-jury trial was held, as scheduled, on December 1, 1982, but the Appellants did not appear, and the lower court entered a decision in favor of the Appellee on both the complaint and counterclaim. Apparently due to their failure to appear, the court awarded the Appellee attorney fees and costs.

On December 30, 1982, the Appellants filed exceptions to the court's decision, together with the appearance of Appellants' current counsel. These exceptions recited that E. Larry Kovel, Appellants' counsel of record at the time of the arbitration proceedings, had never been informed of the scheduling of the December 1, 1982 trial, was no longer associated with his former law firm, and could not be located in telephone directories or through the local bar association, the Disciplinary Board or the State Court Administrator's Office. Appellants averred that they had a valid defense and counterclaim and asserted that a miscarriage of justice would result if they were denied the right to a trial in these circumstances.

The lower court, in an order dated January 3, 1983, dismissed the exceptions as being untimely filed.[1] The

---

1. Pennsylvania Rule of Civil Procedure 1038(d) provides that in non-jury cases, exceptions must be filed within ten (10) days after notice of the filing of the court's decision.

court's order merely noted that it appeared that notices of the December 1, 1982 decision had been sent to "defendants and their counsel under date of December 3, 1982." It is clear that in entering its order, the lower court relied upon the docket entries, wherein it was stated: "December 3, 1982, Decision was mailed to [Appellee's counsel] and E. Larry Kovel." However, the lower court made no reference in its order to these docket entries which followed immediately after the entry just quoted:

> "December 20, 1982, Copy of Decision was returned from E. Larry Kovel marked 'Forwarding Order Expired'."
> "December 20, 1982, Copy of Decision was mailed to Defendants."

As noted earlier, the Appellants' exceptions were filed December 30, 1982, within ten (10) days of the date that a copy of the December 2, 1982 decision was mailed to them by the Prothonotary, rather than only to their attorney, Mr. Kovels.

We believe that the interests of justice require that the lower court conduct a more searching inquiry into the Appellants' exceptions. The docket entries, standing alone, simply cannot allow one to reach any firm conclusions with regard to the significant notice issues presented. The actual date of the Appellants' *receipt* of notice of the court's trial decision is what is important. See *Sarver v. North Side Deposit Bank,* 289 Pa.Super. 472, 433 A.2d 902 (1981). Obviously, the proper resolution of the issues presented by the exceptions will be best made possible if the lower court conducts a hearing in this case. At such a proceeding, the court will have an opportunity to hear witnesses and consider any evidence presented,[2] as well as the docket entries, in order to reach an informed decision concerning the notice questions presented. Because the lower court may, upon reconsideration, find that the Appellants' exceptions were

2. On this appeal, we cannot consider matters dehors the record, such as the copy of the envelope, purportedly from the lower court Prothonotary's file, which Appellants attach to their brief to our Court, and which allegedly indicates a different mailing date than that listed in the docket entries.

timely filed, or may even elect to allow the late filing of exceptions by the Appellants [See *E.J. McAleer & Co., Inc. v. Iceland Products, Inc.*, 475 Pa. 610, 381 A.2d 441 (1977)], we will not retain jurisdiction in this case.[3]

The order of the lower court is vacated, and this case is remanded for further proceedings and reconsideration consistent with this Opinion. Jurisdiction is not retained.

---

**3.** Our decision should not be read to suggest a particular course of action to the lower court in dealing with the exceptions. It may or may not find them to be timely filed, may allow them to be filed late if good cause is shown, and will judge them on the merits in the event it decides that such consideration is appropriate. Both parties will retain all appeal rights thereafter.