566 A.2d 918

**Steven A. JOHNSON, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 29, 1989.

Decided Nov. 28, 1989.

John C. Armstrong, Chief, Parole Div., Norristown, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

Steven A. Johnson (Petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied Petitioner's request for administrative relief from a

Board revocation decision dated January 26, 1989, recommitting Petitioner as a convicted parole violator (CPV), when available, to serve his entire remaining unexpired term as a result of his June 8, 1988, conviction for first degree murder. We reverse.

Petitioner was originally paroled by the Board on July 1, 1979, from concurrent sentences of two and one-half to ten years and two and one-half to five years imposed by the Court of Common Pleas of Philadelphia County as a result of Petitioner's convictions for robbery, possession of an instrument of crime, possession of a weapon, burglary and criminal conspiracy. At the time of original release, the Petitioner's maximum term expiration date was January 1, 1987. Petitioner was recommitted by the Board as a technical parole violator (TPV) on August 9, 1984, and his maximum term expiration was extended to March 24, 1989. The Board granted him reparole on September 8, 1984, at which time he was released from the State Correctional Institution at Graterford (SCI–Graterford).

Petitioner was arrested by Philadelphia police on September 28, 1987, charged with murder and related offenses, and remained confined in the Philadelphia County Prison without bail. The Board lodged its warrant and detainer against him on September 30, 1987. On November 17, 1987, Petitioner was charged with the murder of James Clark and related offenses. Petitioner was convicted of the Clark murder in the Philadelphia County Common Pleas Court on June 8, 1988, following a jury trial, and sentenced to life imprisonment. Petitioner was transferred back to SCI–Graterford on June 13, 1988. On June 23, 1988, the Board received official verification of the June 8, 1988, first-degree murder conviction. On December 14, 1988, Petitioner received a preliminary parole hearing and signed a waiver of a full Board hearing, requesting that his parole revocation hearing be heard before a Board hearing examiner.

Petitioner was given a parole revocation hearing at SCI–Graterford on January 4, 1989, before a Board hearing examiner. At hearing, Petitioner's counsel objected to the

timeliness of the hearing as more than 120 days from the date of official verification and the hearing examiner noted this objection. (Notes of Testimony, January 4, 1989, (N.T.) at 6.) On January 26, 1989, the Board granted an order recommitting Petitioner as a CPV, when available, to serve the entire remaining balance of his unexpired term as a result of the first-degree murder conviction. Petitioner appealed to the Board, challenging the timeliness of his parole revocation hearing and the Board denied his appeal on March 8, 1989. Petitioner filed a timely appeal with this Court on the basis of the untimeliness of the parole revocation hearing.

Our scope of review of an adjudication by the Board is limited to a determination of whether or not it is supported by substantial evidence, is in accordance with the law, and is observant of the petitioner's constitutional rights. *Abbruzzese v. Board of Probation and Parole*, 105 Pa.Commonwealth Ct. 415, 524 A.2d 1049 (1987). Because the Petitioner alleged that the hearing was untimely, the burden was on the Board to prove by a preponderance of the evidence that it was, in fact, timely. *Id.* In its March 8, 1989, decision the Board conceded that the hearing was held beyond the 120 day period but denied Petitioner's appeal on the basis that Petitioner had not alleged nor did he show any prejudice as a result of the untimeliness of the hearing.

Title 37 Pa.Code § 71.4 provides, in pertinent part:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the

official verification of the return of the parolee to a State correctional facility.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the Rambeau decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

. . . .

(4) The revocation hearing shall be held by a panel or, when the parolee has waived the right to a hearing by a panel, by an examiner.

The Board received official verification of Petitioner's conviction on June 23, 1988. Petitioner's hearing before a hearing examiner was held on January 4, 1989, and on March 8, 1989, the Board affirmed the Board's January 29, 1989, denial of Petitioner's appeal. In its opinion, the Board stated that there was no question that Petitioner's hearing was held more than 120 days from June 23, 1988, but based the denial of the appeal upon our State Supreme Court decision in *Commonwealth v. Marchesano,* 519 Pa. 1, 544 A.2d 1333 (1988) where the Court rejected the notion that an untimely probation revocation hearing is per se prejudicial or violative of a prisoner's due process rights.

The Board *now* argues that the parole revocation hearing was in fact timely pursuant to 37 Pa.Code § 71.5(c)(4) and that this Court may affirm the Board's decision where the Board reached the correct result for an erroneous reason where the correct reason is clear from the record based upon *E.J. McAleer & Co. v. Iceland Products, Inc.,* 475 Pa. 610, 613 n. 4, 381 A.2d 441, 443 n. 4 (1977) (an appellate court may affirm the decision of a trial court if it is correct on any ground). Before us, the Board's alternative argument is that Petitioner is not entitled to any relief since he suffered no actual prejudice as a result of the delay in holding his parole revocation hearing. The Board's argument fails on both grounds.

First, Title 37 Pa.Code § 71.5(c)(4) provides:

(c) In determining the period for conducting hearings under this chapter, there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following:

. . . .

(4) A change of decision by a parolee either to waive the right to be heard by a panel after asserting it or to assert that right after waiving it. In this case, the hearing shall be held within 120 days of the last change of decision.

█ The Board argues that because Petitioner, on December 14, 1988, waived his right to a hearing before a panel and agreed to have his parole revocation hearing before a hearing examiner, pursuant to 37 Pa.Code § 71.5(c)(4), Petitioner's 120 day period began on the date of the last change of decision, and therefore the January 4, 1989, hearing was timely. We disagree.

The 120 day period for conducting a hearing commenced on June 23, 1988, and expired in late October, 1988. There is nothing of record to indicate that Petitioner was notified of a hearing, or that a hearing was scheduled within the 120 day period beginning June 23, 1988.[1] Further, at the January 4, 1989, hearing, the hearing examiner noted Petitioner's timeliness objection then questioned the Board's Institutional Parole Representative, Mr. Eadline, as to whether or not there were any continuances on record.[2] Mr. Eadline

1. Review of the record indicates that Petitioner signed a "Waiver of Full Board Hearing," on December 14, 1988. (Certified Record, Item No. 10, at 19.) Also contained in the record is a "Notice of Charges and Hearing," from the Board to the Petitioner dated December 22, 1988, notifying Petitioner of the charges and the 11:15 a.m. hearing scheduled for January 4, 1989, (Certified Record, Item No. 11, at 20); a July 11, 1988, "Violator Report" indicating that the Board was notified of the Petitioner's new conviction on June 23, 1988, and that Parole Agent Hugh J. Young recommended: "Recommit as a CPV, due to a conviction in a Court of Record," (Certified Record, Item No. 6, at 14).

2. Title 37 Pa.Code § 71.5(c)(2) states that in determining the period for conducting hearings there shall be excluded from the period a delay due to "[c]ontinuances granted at the request of a parolee or counsel, in which case the Board is not required to reschedule the

obtained the case record and testified that there were none. (N.T. at 6.)

Petitioner's Hearing Report Face Sheet states that Petitioner was notified of the "New Conviction Charge," and of the hearing scheduled for January 4, 1989, on December 22, 1988. (Certified Record, Item No. 13, at 44.) When Petitioner waived his right to a full Board hearing on December 14, 1988, he stated in his "Request for Hearing Examiner's Review," (Certified Record at 32), that:

6. That, Steven Johnson was never afforded a hearing in regards [sic] to the above arrest. (No Violation Hearing).

7. That, Steven Johnson received a Preliminary Parole Hearing on December 14, 1988, and waived a Full–Board Hearing.

8. That, the foregoing Hearing was untimely since 120 days had lapsed. And, in fact, Steven Johnson has been imprisoned for over thirteen (13) months without benefit of any hearing until December 14, 1988.

. . . .

Steven Johnson at no time requested a continuance of a Hearing.

Further, Steven Johnson was at all times available to the PA Board of Probation and Parole. And no documents or conviction records were required to conduct the Violation Hearing.

THEREFORE, it is requested that this Hearing Examiner recommend to the Board to dismiss the Parole Violation charges with prejudice.

Certified Record at 33.

Although Petitioner's "last change of decision" under 37 Pa.Code § 71.5(c)(4) was December 14, 1988, the 120 day period had expired in late October, 1988, and Petitioner had not received a revocation hearing. The Board did not meet

hearing until it receives a written request to reschedule the hearing from the parolee or counsel."

its burden of proving by a preponderance of the evidence that the January 4, 1989, hearing was timely. *Abbruzzese.*

■ The Board's alternative argument, which was the basis for its March 8, 1989, decision, also fails. In its decision, the Board relied upon our Supreme Court's holding in *Marchesano.* In *Marchesano,* the Supreme Court explained that the purpose of Pa.R.Crim.P. 1409, governing parole and probation revocation hearings in common pleas courts, is to avoid prejudice by avoiding the loss of witnesses and evidence that would contribute to the outcome of the proceeding. Accordingly, the Supreme Court held that in order for a prisoner to be entitled to a dismissal with prejudice of probation violation charges due to an untimely probation violation hearing, the prisoner must be able to show some actual prejudice resulting from the delay. In *Marchesano,* no prejudice was shown and the prisoner's revocation of probation order was upheld despite the untimely revocation hearing. The Board in the matter *sub judice,* opined that the due process concerns for a probation revocation order on the basis of an untimely revocation hearing should apply equally to state parole revocation proceedings, and concluded that the "better approach is that chosen by the Pennsylvania Supreme Court in *Marchesano* by requiring a prisoner to show actual prejudice resulting from the delay in holding the revocation hearing in order to invalidate a Board parole revocation order on the basis of untimeliness." (Decision of the Board, March 8, 1989, at 6.)

The *Marchesano* Court interpreted Pa.R.Crim.P. 1409, which provides, in pertinent part:

Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

This rule does not set forth a specific time period within which a hearing must be held. The language "as speedily as possible" requires the courts to make a determination in each case as to whether a violation of due process rights has occurred. The Board, through its regulation at 37 Pa.Code § 71.4, has set a specific time period, 120 days, within which the hearing should be held. The Board has chosen to avoid having to make a case by case determination as to whether a violation of rights has occurred. The Board is an administrative agency not governed by the Pennsylvania Rules of Criminal Procedure and has the authority to make and implement its own procedural rules. *Blevins v. Pennsylvania Board of Probation and Parole*, 89 Pa.Commonwealth Ct. 131, 491 A.2d 966 (1985). Until the Board amends its regulations, it cannot disregard them on an individual case basis.

■ Where the Board has failed to present substantial evidence as to the timeliness of the Petitioner's revocation hearing thereby failing to meet its burden of proof by a preponderance of the evidence that the hearing was timely, the appropriate remedy is a dismissal of the parole violation charges with prejudice. *Abbruzzese; Capers v. Pennsylvania Board of Probation and Parole*, 42 Pa.Commonwealth Ct. 356, 400 A.2d 922 (1979). Accordingly, the order of the Board is reversed, and the parole violation charges against Petitioner are dismissed with prejudice.

## ORDER

### No. 510 C.D.1989

AND NOW, this 28th day of November, 1989, the order of the Pennsylvania Board of Probation and Parole at Parole No. 5729–M, dated March 8, 1989, is hereby reversed, and the parole violation charges against Petitioner are hereby dismissed with prejudice.