**Lingle v. Silvis**

*Peter R. Henninger Jr.,* for plaintiffs.
*Dennis J. Bonetti,* for defendant.

OLER, *J.,* January 2, 1996—For disposition in this negligence action for personal injuries arising out of a two-vehicle accident is defendant's motion for leave to file a demand for jury trial. The record includes a complaint, an answer with new matter, a reply to new matter, the motion presently at issue, plaintiffs' answer to the motion, defendant's "supplemental verification in support of motion for leave to file a demand for jury trial," and plaintiffs' "stipulation," in response to the supplemental verification.

For the reasons stated in this opinion, defendant's motion for leave to file a demand for jury trial will be denied.

## STATEMENT OF FACTS

Plaintiffs Joann Lingle and Abner O. Lingle commenced the present action against defendant Todd Clark Silvis and his mother Patricia Schoffstall, by the filing of a complaint on December 14, 1994. Ms. Schoffstall was subsequently dismissed from the case.[1]

An answer with new matter was filed on January 18, 1995, and the pleadings were closed with the filing of plaintiffs' reply to new matter on February 6, 1995. This final pleading was served by mailing it to defendant's counsel.[2] None of the pleadings was endorsed with a demand for jury trial, nor had a separate writing been filed containing a demand for jury trial.

Seven months passed during which no writing was filed containing a demand for jury trial.[3] On September

---

1. Order of court, December 27, 1995. Because only one defendant remains in the case, all references to the defense in this opinion will be in the singular rather than the plural.

2. Defendant's supplemental verification in support of motion for leave to file a demand for jury trial, exhibit A; Plaintiffs' response to defendant['s] motion to file a demand for jury trial, paragraph 1. The pleading was mailed on February 2, 1995, to defendant's counsel. *Id.*

3. Certain notices of records depositions to several persons or entities, dated February 21, 1995, and a notice of oral deposition, addressed to plaintiffs and plaintiffs' counsel, dated April 11, 1995, did contain such a demand in the caption. See defendant's supplemental verification in support of motion for leave to file a demand for jury trial, exhibit B; Plaintiffs' stipulation, paragraphs 2-4. These were not filed, however.

11, 1995, plaintiffs' counsel listed the case for a non-jury trial.[4]

The case was not called for trial, and it was stricken from the trial list for the November trial term by order of court dated October 18, 1995.[5] The case was relisted for a non-jury trial by plaintiffs' counsel on November 1, 1995.[6]

On November 15, 1995, defendant's counsel filed for the first time a writing indicating a desire for a jury trial, in the form of defendant's motion for leave to file a demand for jury trial.[7] The motion attributed the failure to timely demand a jury trial to inadvertence, and included an exchange of letters between defendant's counsel and plaintiffs' counsel dated October 25, 1995, and October 27, 1995, respectively, in which the latter declined to accede to defendant's desire for a jury trial.[8]

Defendant's motion for leave to file a demand for jury trial was listed for argument by defendant's counsel on the date it was filed.[9] Meanwhile, the motion was forwarded to the writer of this opinion, who issued a rule to show cause upon the plaintiffs in response to the motion.[10]

An answer opposing the motion was subsequently filed by plaintiffs.[11] The answer avers, inter alia, that

---

4. Praecipe for listing case for trial (filed September 11, 1995).

5. Order of court, October 18, 1995 (Sheely, P.J.).

6. Praecipe for listing case for trial (filed November 1, 1995).

7. Defendant's motion for leave to file a demand for jury trial, paragraphs 3-6 (filed November 15, 1995).

8. *Id.,* exhibits A, B.

9. Praecipe for listing case for argument (filed November 15, 1995).

10. Order of court, November 21, 1995 (Oler, J.).

11. Plaintiffs' response to defendant['s] motion to file a demand for jury trial (filed December 11, 1995).

plaintiffs have "reasonably relied on the scheduling of the non-jury trial and have hired and scheduled experts accordingly."[12]

Argument was held on December 6, 1995. The parties have since filed the aforesaid "supplemental verification in support of motion for leave to file a demand for jury trial"[13] and "stipulation"[14] to provide a more complete record for disposition of the motion.

## DISCUSSION

Under Pa.R.C.P. 1007.1(a), it is provided as follows:

"In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than 20 days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing."

In upholding a trial court's refusal to grant a party's request for a jury trial raised more than 20 days after service of the last permissible pleading, the Pennsylvania Supreme Court stated the following:

"The record is clear that the [defendants'] demand for a jury trial, first asserted in their pre-trial memorandum, was made more than 20 days after the last permissible pleading and, therefore, failed to satisfy the requirements of Rule 1007.1(a). Accordingly, the lower court correctly held that a jury trial had been waived. In addition, considerations of prejudice to the other side play no part in enforcing a waiver of a jury trial where the provisions of Rule 1007.1(a) have not

---

12. *Id.,* paragraph 18.

13. Defendant's supplemental verification in support of motion for leave to file a demand for jury trial (filed December 6, 1995).

14. Plaintiffs' stipulation (filed December 11, 1995).

been met." *Jones v. Van Norman,* 513 Pa. 572, 584, 522 A.2d 503, 509 (1987).

In a carefully considered opinion in *L.B. Foster Co. Inc. v. Brumfield,* 12 D.&C.4th 646 (Allegheny Co. 1991), Judge Wettick of the Court of Common Pleas of Allegheny County declined to grant a defendant's motion for leave to file a demand for jury trial nunc pro tunc, where the motion was filed 25 days after service of the last permissible pleading, where the failure to timely demand a jury trial was attributed to inadvertence of counsel, and where no prejudice would have accrued to the other party from a granting of the motion. Analyzing the language of the Pennsylvania Supreme Court in *Jones, supra,* Judge Wettick made this observation:

"It is significant that the *Jones v. Van Norman* opinion does not talk in terms of whether or not the trial judge abused his discretion. Instead, it concluded that the trial court 'correctly' decided this issue. This conclusion, coupled with the provision that considerations of prejudice are not involved, indicate that the Pennsylvania Supreme Court has adopted a standard requiring at least a showing of good cause before a trial court may extend the time for requesting a jury trial." *L.B. Foster Co. Inc. v. Brumfield, supra* at 649.

On the issue of whether inadvertence of counsel would, as a general rule, represent good cause for noncompliance with a time limitation in a rule of civil procedure, the Pennsylvania Supreme Court has quoted with approval this statement:

"[I]f inadvertence of counsel were a valid reason for disregarding the time limitation rules of our Supreme Court, then they might as well not have any rules at all." *E.J. McAleer & Co. Inc. v. Iceland Products Inc.,* 475 Pa. 610, 615, 381 A.2d 441, 444 (1977).

Without suggesting that under no circumstances would a court be permitted to excuse a failure to comply strictly with the time limit for demanding a jury trial under Rule 1007.1(a),[15] we do not believe that any exigencies in the case at bar would warrant such a result. The following order will therefore be entered:

## ORDER

And now, January 2, 1996, after careful consideration of defendant's motion for leave to file a demand for jury trial, and for the reasons stated in the accompanying opinion, the motion is denied.

---

15. See *e.g., Dauphin Deposit Bank & Trust Co. v. Pifer,* 383 Pa. Super. 275, 556 A.2d 904 (1989).