Willie PERSON, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 1997.

Decided Oct. 3, 1997.

John C. Armstrong, Assistant Public Defender, Norristown, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

 Willie Person (Person) appeals from a final determination of the Pennsylvania Board of Probation and Parole (Board) recommitting him to serve eighteen months backtime.[1]

---

1. Our review is limited to determining whether the Board's findings are supported by substantial evidence, are in accordance with the law, and whether constitutional rights have been violated. *Krantz v. Board of Probation and Parole,* 86 Pa. Cmwlth. 38, 483 A.2d 1044 (1984). This Court

Person was sentenced on August 15, 1972, to a term of five to fifteen years, effective May 16, 1971, for forcible rape, aggravated robbery and burglary. He escaped on February 17, 1974, and was apprehended on October 26, 1982. On January 26, 1983, Person was sentenced to an additional term of three months to one year and eleven months for the escape. He was paroled on April 1, 1985. On April 18, 1989, Person was returned to prison as a convicted parole violator after being convicted in the state of Indiana. On October 30, 1989, he was recommitted to serve one year backtime for the offense of confinement. The escape and subsequent sentences increased his maximum sentence date to February 27, 1999. He was paroled on May 6, 1991.

On November 27, 1995, Ohio police arrested Person pursuant to a Board warrant. Person was charged with technical violations of his parole. Specifically, Person was charged with leaving the district without permission, changing his address without permission and failing to maintain contact with parole supervision staff. Pennsylvania Board of Probation and Parole, Notice of Charges and Hearing; Certified Record (C.R.) at 27. A preliminary hearing was held at the State Correctional Institution at Graterford on December 4, 1995. The hearing examiner determined the alleged parole violations were unsupported by probable cause. Preliminary/Detention Hearing Report, December 4, 1995; C.R. at 29-30.

Person remained in custody and was charged on December 12, 1995, with the same parole violations along with an additional violation for failure to report for evaluation at J.J. Peters Institute for a sex offender treatment program. A preliminary hearing was scheduled for December 19, 1995, but was postponed until December 22, 1995, due to severe weather conditions.

At this hearing, the hearing examiner found probable cause for two of the same technical conditions that had originally been dismissed at the first hearing and the additional charge brought for the first time on December 12, 1995. The hearing examiner did not find that probable cause existed to establish that Person failed to maintain contact with the parole supervision staff. At the hearing Person objected to proceeding because the technical parole violations were dismissed at the first hearing and the new warrant issued on December 12, 1995, contained the same alleged violations. While the hearing examiner denied Person's motion, he stated there may have been a policy violation, but there was no violation of law. Preliminary/Detention Hearing Report, December 22, 1995; C.R. at 39-40.

On March 21, 1996, a violation hearing was held. At the hearing Person's counsel objected on the ground of timeliness because of the amount of time between the date of the first preliminary hearing, December 4, 1995, where no probable cause was found, and the date Person was recharged, December 12, 1995. The Board's regulations provide that a preliminary hearing must be held within fourteen days after the parolee is detained on a Board warrant. 37 Pa.Code § 71.2(3). The Board regulations do not specify the length of time a parolee may remain in custody following a preliminary hearing where the parolee prevails. The hearing examiner overruled the objection for purposes of the hearing and informed Person's counsel that the question would be presented to the Board by memo. Hearing Report (Report), March 21, 1996, at 2A; C.R. at 51. The hearing officer found Person violated his parole. Report at 3; C.R. at 53. On August 11, 1996, the Board recommitted Person to serve an additional eighteen months of his original sentence for violating parole. On October 1, 1996, Person petitioned for administrative review and relief. On January 10, 1997, the Board denied Person's petition. Person appeals.

On appeal Person contends that the recharging of him with parole violations after identical charges had been dismissed by the hearing examiner at the first preliminary hearing violated Board regulations. Person

will interfere with the Board's exercise of administrative discretion where it has been abused or exercised in an arbitrary or capricious manner.

*Green v. Board of Probation and Parole,* 664 A.2d 677 (Pa.Cmwlth.1995).

also contends that the second preliminary hearing was untimely.

■ Initially, Person contends that the Board has no authority under its regulations to recharge a parolee after the parolee prevails at a preliminary hearing. He preserved this issue when he objected to proceeding with a second preliminary hearing. Person does not cite any caselaw to support his contention but, instead, points to the Board regulation which requires that a parolee be released as soon as practicable if a hearing examiner finds the charges are unsupported by probable cause. 37 Pa.Code § 71.2(8).

■ The Board derives its power from the statute commonly known as the "Parole Act" (the Act).[2] Under the Act, the Board "shall have the power during the period for which a person shall have been sentenced to recommit one paroled for violation of the terms and conditions of his parole...." 61 P.S. § 331.21. The statutory language clearly grants the Board the power to recommit a parolee who violates the terms of parole. The regulation cited by Person addresses procedures to be followed when a violation of parole conditions is alleged; it does not limit the Board's authority to recharge a parolee.

■ Person concedes that one who prevails at a criminal preliminary hearing may be arrested a second time and recharged on the same criminal charges. *Commonwealth v. Jacobs*, 433 Pa. Superior Ct. 411, 640 A.2d 1326 (1994), *appeal denied*, 542 Pa. 661, 668 A.2d 1125 (1995). A parolee is not entitled to the same rights as an unconvicted citizen. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). In this parallel vein, this Court is not persuaded that a parolee is exempt from being recharged for alleged parole violations where the administrative regulation is silent.[3]

■ Person next contends that the Board failed to timely hold the second preliminary hearing. At his revocation hearing Person objected that the length of time between the first preliminary hearing and his receipt of the second Board warrant exceeded the fourteen days provided by the regulation. 37 Pa.Code § 71.2(3). Person was detained on the second warrant on December 12, 1995, and the preliminary hearing, originally scheduled for December 19, 1995, was postponed due to bad weather and held on December 22, 1995. Because the time for a hearing began to run when Person was detained on the second warrant, which contained a new charge not addressed at the original preliminary hearing, the second preliminary hearing was clearly timely. Person proposes that the time runs from the date of the first preliminary hearing, December 4, 1995. However, the time runs from the date of the warrant. 37 Pa.Code § 71.2(3).

■ Even if the second preliminary hearing had not been held within fourteen days of the Board warrant, Person recognizes that an untimely preliminary hearing does not violate a parolee's rights of due process. Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 3rd day of October, 1997, the order of the Pennsylvania Board of Probation and Parole, No. 9847–H, dated January 10, 1997, is affirmed.

---

2. Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§ 331.1–331.34.

3. It must be noted that Person was charged with one new charge concerning a failure to attend a sex offender evaluation after the first preliminary hearing. It is inaccurate to state that he was recharged with identical parole violations at the second hearing. However, even if Person had been recharged with the same three parole violations and no new violations, we would hold that the Board possessed the power to recharge him.