**Michael McKENNA, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 20, 2001.
Decided Aug. 23, 2001.

David Crowley, Bellefonte, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before DOYLE, President Judge, SMITH, J., FLAHERTY, Senior Judge.

SMITH, Judge.

Michael McKenna (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that revoked his parole and recommitted him as a technical parole violator to serve twelve months of backtime. Petitioner states that the question involved is whether dismissal of his technical parole violation charges is required when the Board did not comply with its regulatory requirement under 37 Pa.Code § 71.2(3) to conduct a preliminary hearing within fourteen days of Petitioner's return to Pennsylvania on the Board's warrant to commit and detain him.

Petitioner was paroled in September 1999 from a 1976 sentence for his robbery conviction. On March 1, 2000, the Board declared Petitioner delinquent, and it issued a warrant on April 9, 2000 to commit and detain him. The Berkeley County Prison, located in the State of California, notified the Board on April 10, 2000 that Petitioner was confined there. The Board entered its order ten days later for Petitioner's return to the State Correctional System as a technical parole violator. Petitioner was returned on April 30, 2000, and a preliminary hearing was held on May 19, 2000. The hearing examiner determined that probable cause existed to establish violation of parole conditions # 1 and # 2 (leaving the district without permission and change of residence without permission).

■ A parole violation hearing was held on July 27, 2000, and on October 13, 2000 the Board recommitted Petitioner as a technical parole violator and sentenced him to the twelve months of backtime. Petitioner filed a timely administrative appeal, which the Board denied. This Court's review of the Board's order is limited to determining whether the findings of fact are supported by substantial evidence and whether an error of law was committed or constitutional rights were violated. *Leese v. Pennsylvania Board of Probation and Parole,* 131 Pa.Cmwlth. 448, 570 A.2d 641 (1990).

■ Petitioner contends that his due process rights were violated by the Board's failure to follow its regulations requiring that a preliminary hearing be conducted within fourteen days of his return to Pennsylvania. The Board's regulation at 37 Pa.Code § 71.2(3) provides:

The following procedure shall be followed if a parolee, not already detained after appropriate hearings for other technical violations or criminal charges, has been charged with a technical violation:

. . . .

(3) The preliminary hearing shall be held within 14 days of the detention of the parolee on the Board warrant.

The Board does not dispute that Petitioner's preliminary hearing was not held within the 14–day time limit, but it asserts instead that Petitioner admitted the technical parole violation at his parole revocation hearing and that he has not demonstrated any prejudice by the Board's delay in conducting the preliminary hearing.

■ The Board contends that the only available relief in the event of a delay in conducting a preliminary hearing would be an immediate preliminary hearing or release pending the hearing, citing *Johnson v. Pennsylvania Board of Probation and Parole*, 129 Pa.Cmwlth. 652, 566 A.2d 918 (1989), *aff'd*, 525 Pa. 573, 583 A.2d 790 (1991). Petitioner argues that the remedy should be dismissal of the charges against him. He acknowledges that this Court has not reached the specific issue of what remedy is available when the Board fails to hold a timely preliminary hearing. He nonetheless argues that the Court should adopt the remedy allowed in *Johnson* where the Board failed to hold a timely parole revocation hearing. In *Johnson* this Court held that because the Board failed to provide substantial evidence as to the timeliness of the petitioner's parole revocation hearing, the appropriate remedy was a dismissal of the parole violation charges with prejudice. The Board bears the burden of proving by a preponderance of the evidence that it conducted a timely revocation hearing, and it may not simply disregard its regulations on an individual case-by-case basis. *Id. See also Saunders v. Pennsylvania Board of Probation and Parole*, 130 Pa.Cmwlth. 612, 568 A.2d 1370 (1990).

■ The Court is not persuaded, however, that a *per se* prejudicial rule should be applied in cases of Board delay in conducting preliminary hearings. In *Person v. Pennsylvania Board of Probation and Parole*, 701 A.2d 1381 (Pa.Cmwlth.1997), the Court noted that even when a preliminary hearing is untimely, the untimeliness in and of itself does not violate a parolee's due process rights. In *Pickert v. Pennsylvania Board of Probation and Parole*, 100 Pa.Cmwlth. 44, 514 A.2d 252, 253 (1986), the Court reiterated the principle that "an illegal detention does not, in and of itself, vitiate a subsequent recommitment, just as an illegal arrest or detention does not void a subsequent conviction." In *Pickert* the petitioner argued that he was denied his due process rights because of counsel's failure to object to the untimely preliminary hearing. In rejecting the petitioner's arguments, the Court nevertheless acknowledged that a petitioner may show that he or she sustained a deprivation or prejudice due to the Board's delay in conducting a preliminary hearing. Presumably in that event the Court would consider any available remedy for the Board's delay. Petitioner has not averred nor otherwise demonstrated a deprivation or prejudice caused by the Board's delay in holding the preliminary hearing here. Furthermore, Petitioner admitted the technical parole violation charges against him. The Court therefore affirms the order of the Board.

### ORDER

AND NOW, this 23rd day of August, 2001, the Order of the Pennsylvania Board of Probation and Parole is hereby affirmed.