424 A.2d 952

John J. BROGLEY and Mary Ann Brogley, his wife, Appellants at 389

v.

CHAMBERSBURG ENGINEERING COMPANY, a corporation

v.

JONES & LAUGHLIN STEEL CORPORATION, Appellant at 397.

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Jan. 23, 1981.

C. William Berger, Pittsburgh, for Brodley, appellants in No. 389 and appellees in No. 397.

Michael W. Burns, Pittsburgh, for Chambersburg, appellee.

Michael V. Gilberti, Pittsburgh, for J & L, appellee in No. 389 and appellant in No. 397.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

On December 12, 1973 Plaintiff, a blacksmith in the Aliquippa Works of Jones & Laughlin Steel Corporation, was forging castings using a 1,500 pound Chambersburg Steam Hammer. Suddenly and without warning, the 500 pound upper die flew off the ram and struck Plaintiff, almost severing his leg, as a result of which he could not work for over a year.

Suit was filed against Chambersburg Engineering Company, the manufacturer of the machine, under Section 402A of the Restatement (Second) of Torts for defect in the design

of the machine. The design of the machine required the upper die to be secured to the ram by means of a keystone arrangement, whereby a tapered key is driven into a tapered space and the parts are held together by means of friction. In the ordinary course of use, the key will loosen and must be driven back in with a sledge hammer. The claimed defect was in the manufacturer's failure to provide a safety pin or other device to prevent the tapered key from coming completely out when it became loose.

Chambersburg joined the employer, Jones & Laughlin Steel Corporation, as an Additional Defendant.

The jury returned a verdict on special interrogatories holding that the machine was not defective and that the employer was negligent.[1]

Plaintiffs filed timely Motions for New Trial or judgment N.O.V., which were denied by the Court below, by Order of March 31, 1980.

This appeal was then filed without a final judgment being entered in the court below. The appeal will be quashed.

We have repeatedly advised the profession that an order refusing a new trial is interlocutory and is unappealable. Cf. *Bartkewich v. Billinger*, 430 Pa. 207, 241 A.2d 916 (1968), and cases cited therein. The appeal should not be filed and may not be entertained until a final judgment is entered.

*Slagter v. Mix*, 441 Pa. 272, 272 A.2d 885 (1971).[2]

Appeals quashed.

1. The Court below molded the verdict as returned into a verdict for both Defendants.

2. Pa.R.A.P. 301(c) provides:
   Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.