430 A.2d 290

**Stella RICHARD, Appellant,**

v.

**CHESTER EXTENDED CARE CENTER**

**and**

**Crozer-Chester Medical Center.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed May 22, 1981.

---

Stewart C. Crawford, Springfield, for appellant.

John Luschinger, Media, for Chester Extended Care Center, appellee.

John J. Walsh, Jr., Philadelphia, did not file a brief on behalf of Crozer-Chester Medical Center, appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from an order denying a motion for new trial. Appellant was hurt when she fell or jumped from a window while she was a patient in a nursing home operated by appellee. Appellant sued appellee in trespass, claiming that appellee had been negligent in caring for her. The trial judge instructed the jury that in deciding whether appellant had been contributorily negligent, it should hold her to the standard care expected of a reasonable man. The jury found for appellee. On motion for new trial, appellant argued, among other matters, that the evidence showed that when admitted to appellee's nursing home, she was suffering from a mental deficiency ("organic brain syndrome"), and that accordingly, in deciding whether she had been contributorily negligent, the jury should have held her only to the standard of care expected of a reasonable man

suffering the deficiency she suffered. In denying appellant's motion for new trial, the lower court held that unless one's mental deficiency amounted to insanity, which appellant's deficiency did not, no such relaxation of the required standard of care should be made. Thus the issue was defined whether Pennsylvania law should follow the lead of such cases as *Warner v. Kiowa County Hospital Authority*, Okl.App., 551 P.2d 1179 (1976); *Mochen v. State*, 43 A.D.2d 484, 352 N.Y.S.2d 290 (1974); and *De Martini v. Alexander Sanitarium, Inc.*, 192 Cal.App.2d 442, 13 Cal.Rptr. 564 (1961). *See* Annot., Contributory negligence of mentally incompetent or mentally or emotionally disturbed person, 91 A.L. R.2d 392 (19—). *But see Priese v. Clement*, 70 D. & C.2d 47 (Dela.Co.1974). However, we are unable to consider this issue. Following the lower court's order denying appellant's motion for new trial, neither appellant nor appellee filed a praecipe that the lower court's order should be reduced to judgment and docketed. Given this failure, we must quash the appeal.

"[A]n order denying a motion for a new trial . . . does not constitute an appealable order." Pa.R.A.P. 301(c). *And see Slagter v. Mix*, 441 Pa. 272, 272 A.2d 885 (1971); *Brogley v. Chambersburg Engineering Company*, 283 Pa.Super. 562, 424 A.2d 952 (1981).

The appeal is quashed.