435 A.2d 1301

Joseph V. MURRAY, Jr., and Johanna K. Murray, his wife,

v.

ABCON, INC., d/b/a The Three a Company, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed Oct. 16, 1981.

Thomas E. Waters, Jr., Norristown, for appellant.

Daniel M. Haug, Willow Grove, for appellees.

Before SPAETH, BROSKY, and HOFFMAN, JJ.

PER CURIAM:

In this equity action seeking specific performance of a contract to sell real estate, appellants appealed from the en banc order of the lower court dismissing exceptions to the decree nisi. Because no final decree has been entered on the docket, we cannot reach the merits and thus quash the appeal.

Orders dismissing exceptions following nonjury trials are interlocutory and nonappealable until judgment has been entered on the docket. *See, e.g., Heffner v. Bock*, 287 Pa.Super. 347, 430 A.2d 319 (1981); *Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super. 549, 429 A.2d 659 (1981); *Slaseman v. Myers*, 285 Pa.Super. 167, 427 A.2d 165 (1981); *Penstan Supply Co. v. Hay,* 283 Pa.Super. 558, 424 A.2d 950 (1981). Similarly, orders dismissing post-trial motions following jury trials are interlocutory and nonappealable until entry of final judgment. *See, e.g., Slagter v. Thrifty Clean, Inc. (Slagter v. Mix)*, 441 Pa. 272, 272 A.2d 885 (1971); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa.Super. 402, 435 A.2d 1288 (1981); *Brogley v. Chambersburg Engineering Co.*, 283 Pa.Super. 562, 424 A.2d 952 (1981). These decisions rest upon Rule 301 of the Pennsylvania Rules of Appellate Procedure, which provides in pertinent part:

(a) Entry upon docket below. No order shall be appealable until it has been entered upon the appropriate docket in the lower court. . . . .

. . . . .

(c) Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the

specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

Appellate Rule 301 intermeshes with the provisions of the Rules of Civil Procedure governing post-trial motions practice. For example, all post-trial motions or exceptions must be filed within ten days after the verdict or decision by the court. *See* Pa.R.Civ.P. 227.1 (jury trials), and 1038(d) (non-jury trials). Together, these rules provide essentially uniform procedural prerequisites for appeals in civil actions at law. *See Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority, supra* 291 Pa. at 404, 435 A.2d at 1289. *See also E. J. McAleer & Co. v. Iceland Products, Inc.,* 475 Pa.Super. 610, 612 n.2, 381 A.2d 441, 442 n.2 (1977); Explanatory Note to Pa.R.Civ.P. 227.1. We see no justification for developing different procedural prerequisites for appeal in equity cases. Rule 301 of our Appellate Rules does not differentiate between actions at law and those in equity. Post-decision motion practice in equity cases and post-trial practice in other civil cases are comparable. Appeals cannot be taken from the decree nisi. *Bogosian v. Foerderer Tract Committee,* 264 Pa.Super. 84, 90, 399 A.2d 408, 410 (1979). Like all other civil post-trial motions, exceptions in equity actions must be filed within ten days of the decree nisi. Pa.R.Civ.P. 1518, 1519. *See* Pa.R.Civ.P. 1512 (nonsuit). Like other civil cases, upon the dismissal of exceptions, the court shall "affirm, modify or change the decree nisi accordingly, or enter any other appropriate order." Pa.R.Civ.P. 1519(b). *Compare* Pa.R.Civ.P. 1038(e). Like in other civil cases, if the final decree is not duly entered on the docket, *see* Pa.R.Civ.P. 1521, it shall be entered upon praecipe of any party. *See* Pa.R.A.P. 301(d); Pa.R.Civ.P. 237, 1039. We believe that the equity procedures are sufficiently analogous of those in other civil cases, *see* Pa.R.Civ.P. 1501 and Explanatory Note to Pa.R.Civ.P. 227.1, to require that a final decree be entered on the docket

as a condition precedent to appeal. *See Mercadante v. Ranieli*, 271 Pa.Super. 565, 414 A.2d 397 (1979). Accordingly, because no final decree was entered, we must quash this appeal.

Appeal quashed.