435 A.2d 1288

**THOMAS M. DURKIN & SONS, INC., a Pennsylvania Corporation**

v.

**NETHER PROVIDENCE TOWNSHIP SCHOOL AUTHORITY**

**and**

**H. Gilroy Damon and H. Gilroy Damon Associates, Inc.**

**and**

**Haag and D'Entremont.**

**Appeal of NETHER PROVIDENCE TOWNSHIP SCHOOL AUTHORITY.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed Oct. 16, 1981.

---

George W. Thompson, Upper Darby, for appellant.

Vincent B. Mancini, Media, for Durkin, appellee.

Peter A. Dunn, Media, for Gilroy, appellee.

Robert D. Thompson, Philadelphia, for Haag, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Following a jury trial in this assumpsit action, the lower court entered a $32,856.10 verdict for appellee against appellant only and granted a nonsuit with respect to the additional defendants. Appellant subsequently filed post-trial motions seeking a new trial, judgment n. o. v., or the removal of the nonsuit. The lower court denied all three post-trial motions, and appellant took this appeal. We are unable to reach the merits of the appeal, however, because the order denying appellant's post-trial motions has not been reduced to judgment and docketed.

■ An order refusing a new trial or judgment n. o. v. is interlocutory and nonappealable, see, e. g., *Slagter v. Thrifty Clean, Inc. (Slagter v. Mix)*, 441 Pa. 272, 272 A.2d 885 (1971); *Richard v. Chester Extended Care Center*, 287 Pa.Super. 289, 430 A.2d 290 (1981); *Brogley v. Chambersburg Engineering Co.*, 283 Pa.Super. 562, 424 A.2d 952 (1981), and does not become appealable until it is "reduced to judgment and docketed." Pa.R.A.P. 301(c). *See also Heffner v. Bock*, 287 Pa.Super. 345, 430 A.2d 318 (1981); *Penstan Supply Co. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981).

■ Similarly, an appeal from an order denying appellant's motion to remove a nonsuit is interlocutory and nonappealable. Rule 227.1 of the Rules of Civil Procedure sets forth the time for filing *all* post-trial motions after a trial by jury. It provides:

*All post-trial motions* after trial by jury, *including* a motion for a new trial, judgment non obstante veredicto,

judgment upon the whole record after disagreement of a jury, *removal of a nonsuit* and in arrest of judgment, *shall be filed within ten (10) days after nonsuit* or verdict or disagreement of the jury.

(Emphasis added.) The rule was promulgated in 1977 to provide some uniformity in the area of civil post-trial motions. *See E. J. McAleer & Co. v. Iceland Products*, 475 Pa. 610, 612 n.2, 381 A.2d 441, 442 n.2 (1977); Explanatory Note to Pa.R.Civ.P. 227.1. *See also* Pa.R.Civ.P. 1038(d) (filing motions for new trial, judgment n. o. v., and removal of nonsuit not permitted after non-jury trial). Following the denial of post-trial motions, judgment must be entered upon the docket before the matter is properly appealable. Pa.R. A.P. 301(c). We cannot discern any basis for treating the propriety of an appeal from an order denying a motion to take off a nonsuit any differently from that of an order denying a new trial or judgment n. o. v. The motions are to be filed at the same time, before the same court. We can find no justification for developing different procedural prerequisites to appeal for these similar motions. Accordingly, because judgment has not been entered, the entire appeal must be quashed.

Appeal quashed.

VAN der VOORT, J., files a concurring and dissenting opinion.

VAN der VOORT, Judge, concurring and dissenting:

I concur with the majority that the part of this appeal which was taken from the Order of the court below refusing appellants' motion for a new trial and judgment, N.O.V. is interlocutory and unappealable as no judgment has been entered.

However, I respectfully disagree with the majority as to the order refusing to strike the compulsory nonsuit.

"An appeal does not lie from the entry of a judgment of nonsuit but rather from the refusal to take it off .... (Citations deleted) This applies to actions at law as well as in

equity." *Kukich v. Serbian E. Orth. Ch. of Pittsburgh*, 415 Pa. 28, 28–29, 202 A.2d 77 (1964). See also: *Jervis Will*, 443 Pa. 226, 279 A.2d 151 (1971). Therefore, that part of the decision of the lower court refusing to take off the nonsuit is properly before this court for review. As the evidence against Damon and H. Gilroy Damon, an individual, and Haag is insufficient to prove a case against them or any of them, the granting of a compulsory nonsuit was proper.

I would affirm that part of the decision of the court below which sustains the motions for nonsuit in favor of Damon, H. Gilroy Damon, an individual and Haag; I would quash the appeal of the Nether Providence Township School Authority.