437 A.2d 756

George KOPCHAK and Ethel Kopchak, his wife, of South Union Township, Fayette County, Pennsylvania, Appellants,

v.

Don L. SPRINGER and Eileen M. Springer, his wife; Robert F. Baker and Jennifer L. Baker, his wife; Myoung S. Kim and Moon Ja Kim, his wife, all of South Union Township, Fayette County, Pennsylvania.

Superior Court of Pennsylvania.

Argued Jan. 13, 1981.

Filed Nov. 30, 1981.

Joseph R. Rygiel, Uniontown, for appellants.

442

John R. Hoye, Jr., Uniontown, for appellees.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

■ This is an action in equity in which appellants, who were plaintiffs below, seek an adjudication that they have a right of way over appellees' property, and that as defendants, appellees are liable in damages for trespassing upon the easement and for the cost of restoring appellants' property to its former condition. We cannot reach the merits, however, because appellants have failed to have a final decree entered on the docket. Instead, they have appealed from the order of the lower court dismissing exceptions to the decree nisi. Therefore, we must quash this appeal.

■ An order dismissing exceptions following a nonjury trial is interlocutory and nonappealable until judgment has been entered. *Murray v. Abcon Inc.*, 294 Pa.Superior Ct. 7, 435 A.2d 1301 (1981). This result is required by Rule 301 of the Pennsylvania Rules of Appellate Procedure, which provides in pertinent part:

(a) Entry upon docket below. No order shall be appealable until it has been entered upon the appropriate docket in the lower court . . .

(c) Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docket before an appeal is taken.

In *Murray v. Abcon Inc., supra*, this court explained the procedure for parties who wished to take an appeal from a lower court order:

Appeals cannot be taken from a decree nisi. *Bogosian v. Foerderer Tract Committee*, 264 Pa.Superior Ct. 84, 90, 399 A.2d 408, 410 (1979) . . . . [E]xceptions in equity

actions must be filed within ten days of the decree nisi. Pa.R.Civ.P. 1518, 1519 . . . Like other civil cases, upon the dismissal of exceptions, the court shall 'affirm, modify or change the decree nisi accordingly, or enter any other appropriate order.' Pa.R.Civ.P. 1519(b) . . . if the final decree is not duly entered on the docket, see Pa.R.Civ.P. 1521, it shall be entered upon praecipe of any party. See Pa.R.A.P. 301(d); Pa.R.Civ.P. 237, 1039. We believe that the equity procedures are sufficiently analogous of those in other civil cases, see Pa.R.Civ.P. 1501 and Explanatory Note to Pa.R.Civ.P. 227.1 to require that a final decree be entered on the docket as a condition precedent to appeal. See Mercadante v. Ranieli, 271 Pa.Superior Ct. 563, 414 A.2d 397 (1979).

Because no final decree was entered in this case, we must quash this appeal.

So ordered.