439 A.2d 762

**Charles A. HASSLER and Jean S. Hassler, his wife,**

**v.**

**COLUMBIA GAS TRANSMISSION CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1981.

Filed Jan. 5, 1982.

Stephen D. Marriner, Jr., Washington, for appellant.

H. Terry Grimes, Waynesburg, for appellees.

Before BROSKY, DiSALLE and SHERTZ, JJ.

SHERTZ, Judge:

In this equity action Appellant, Columbia Gas Transmission Corporation, appeals from the May 15, 1980, court en banc per curiam order dismissing exceptions to the Chancellor's order of December 27, 1979.[1] Because no final decree

1. On December 27, 1979, the Chancellor entered an order denying a petition to vacate an arbitration award. Although identified as an order, it is apparent from the record that the Chancellor intended the order of December 27, 1979 to constitute an adjudication and decree nisi.

has been entered on the docket, we cannot reach the merits and must quash the appeal.

 Orders dismissing exceptions following nonjury trials are interlocutory and nonappealable until docketed. *Heffner v. Bock*, 287 Pa.Super.Ct. 345, 430 A.2d 318 (1981); *Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super.Ct. 549, 429 A.2d 659 (1981); *Slaseman v. Myers*, 285 Pa.Super.Ct. 167, 427 A.2d 165 (1981); *Penstan Supply, Inc. v. Hay*, 283 Pa.Super.Ct. 558, 424 A.2d 950 (1981). Similarly, orders dismissing post-trial motions following jury trials are interlocutory and nonappealable until entry of final judgment. *See Slagter v. Thrifty Clean, Inc. (Slagter v. Mix)*, 441 Pa. 272, 272 A.2d 885 (1971); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa.Super. 402, 435 A.2d 1288 (1981); *Brogley v. Chambersburg Engineering Co.*, 283 Pa.Super.Ct. 562, 424 A.2d 952 (1981).

 In *Murray v. Abcon, Inc.*, 291 Pa.Super. 428, 435 A.2d 1301 (1981), this court held that "the equity procedures are sufficiently analogous to those in other civil cases, *See* Pa.R.Civ.P. 1501 and Explanatory Note to Pa.R.Civ.P. 227.1, to require that a final decree be entered on the docket as a condition precedent to appeal." (Citations omitted). Based on this authority, we are constrained to quash this appeal because no final decree was entered.[2]

Appeal quashed.

Decision was rendered prior to SHERTZ and DiSALLE, JJ., leaving the bench of the Superior Court of Pennsylvania.

**2.** In *Black Top Paving Co., Inc. v. John Carlo, Inc., et al.*, 292 Pa.Super. 404, 437 A.2d 446 (1981), we invited the Rules Committee to add a comment to Pa.R.Civ.P. 1038 emphasizing that an appeal cannot be taken to this court from an order denying exceptions to a non-jury verdict. We invite the Committee to add a similar comment to Pa.R.Civ.P. 1519. We note that such a comment would be particularly useful to the bar, since prior to *Murray* the requirement that a party must praecipe for a final decree following the denial of exceptions to a decree nisi was not firmly established.