Steve Beluschok and Mary Beluschok, His Wife, Appellants *v.* The Peoples Natural Gas Company, Appellee.

Argued October 5, 1983, before Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*A. C. Scales, Scales, DeRose and Murry,* for appellants.

*Christ C. Walthour, Jr., Walthour and Garland,* for appellee.

Opinion by Judge MacPhail, January 18, 1984:

Mr. & Mrs. Beluschok (Appellants) appeal here from an order of the Court of Common Pleas of Westmoreland County sitting as a court en banc dismissing the exceptions of Appellants to an order of the Court entered September 1, 1976.

On February 13, 1973, Appellants instituted an eminent domain proceeding by filing a petition for a board of viewers alleging that Peoples Natural Gas Company (Company) appropriated land of theirs by constructing pipelines and constructing a "deeper well" thereon and have thereby caused a substantial diminution of the value of their land for which Appellants claim they are entitled to damages. Appellants requested the appointment of a board of viewers. No declaration of taking was filed by the Company.

In response to Appellants' petition, the court of common pleas appointed a board of viewers whereupon Company filed a preliminary objection in the nature of a petition raising a question of jurisdiction wherein Company alleged it was merely exercising rights to the land accorded to it by agreements made with Appellants' predecessors in title. There followed an order of the court en banc dated August 1, 1975 which sustained the preliminary objections but which also assigned the case to a judge of that court for a determination of whether or not there was a de facto condemnation. Of course, if a preliminary objection raising a question of jurisdiction is sustained, the court is then without power or authority to act further in the proceedings.

We are aware that much confusion has been engendered by the preliminary objection proceeding in eminent domain cases but, as Judge Rogers wrote in *Department of Transportation v. Florek,* 71 Pa. Commonwealth Ct. 615, 619, 455 A.2d 1263, 1265 (1983):

> [P]reliminary objections in the context of eminent domain actions alleging a de facto taking serve a very different purpose from preliminary objections in other civil actions and ... the appropriate response in such a case to the interposition of preliminary objections is the receipt by the trial court of evidence by means of deposition or otherwise.

In view of the fact that the trial court did refer to a hearing judge the issue of whether or not a de facto taking had occurred and an evidentiary hearing on that issue was held by that judge, we believe the order of August 1, 1975 sustaining the preliminary objections was premature and inappropriate, but not fatally defective so as to require a remand.

After a hearing on the issue of a de facto taking was held, the hearing judge concluded that the Appellants had not suffered a de facto condemnation. An order was entered on September 1, 1976 sustaining the preliminary objection and setting aside the court's previous order appointing viewers.

Appellants then filed exceptions to that order which exceptions were dismissed by the court en banc on May 1, 1980.

In a motion to quash the instant appeal, Company now argues to us that the September 1, 1976 order was a final order from which no timely appeal was taken. Company contends that Appellants' exceptions should not have been entertained by the court en banc.[1] We note, however, that Company made no argument to the trial court that the filing of exceptions was impermissible; therefore, we cannot address that objec-

---

[1] See discussion of the pertinent local rule of the Court of Common Pleas of Westmoreland County in *B. C. Company v. Rostraver Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 204, 410 A.2d 1298 (1980).

tion in this forum. Questions not properly raised below will not be considered on appeal by this Court. *Gaskins v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 213, 429 A.2d 138 (1981).

Company also contends in its motion to quash that the order of May 1, 1980 dismissing Appellants' exceptions was not a final order from which an appeal may be taken to this court because no judgment was taken thereon. *Hassler v. Columbia Gas Transmission Corp.*, 294 Pa. Superior Ct. 86, 439 A.2d 762 (1982). That principle of law would clearly apply here had there been a non-jury trial. As we have indicated, however, what actually occurred was a hearing. While the exceptions and argument thereon may have been superfluous and unnecessary, the order now before us is a final order because, by sustaining the preliminary objection to the appointment of viewers, the trial court has effectively put Appellants out of court.

In any event, we are constrained here to address the merits of this appeal notwithstanding the procedural aberrations which occurred prior to this appeal. The motion to quash will be denied.

Appellants derived their title to a tract of real estate containing approximately eighty acres in Hempfield Township, Westmoreland County, through various conveyances which began when one Melissa B. Keim was the owner thereof. While Mrs. Keim owned the tract, she entered into a right of way agreement with Company on December 16, 1917 by the terms of which she granted Company the right to "maintain, operate and remove" an eight inch pipeline for the transportation of oil and gas "on, over and through my lands". There was no specification in the agreement about where the line would be located or the extent of the right of way accorded thereby but the

agreement did say that "when line is removed from property, this right of way shall be stricken from record".

By deed dated July 1, 1920, Mrs. Keim sold the subject tract to other predecessors of Appellants and reserved therein the gas and oil underlying the tract as well as the right to drill for oil and gas, to lay and maintain gas lines and to provide ingress and egress over the land to perform such operations.

By agreement made April 28, 1968, the heirs of Melissa Keim entered into a lease agreement with Company for the drilling and storing of oil and gas and the right to construct, lay, maintain, operate, change and remove pipelines and to open, repair, maintain and use roadways to the wells.

All of these agreements were duly recorded.

In 1972, Company replaced the eight inch line on the subject tract which was now owned by Appellants. In addition, the Company laid a three inch pipeline from its well on the subject tract to the eight inch line.

Appellants presented testimony that Company had relocated the eight inch line, had laid it deeper in the ground[2], had widened the right of way, had changed the contour of the land, had cut down trees and had caused drainage problems.

Company's witness testified that the eight inch line had not been relocated, that the three inch line was new but was installed pursuant to Company's rights under the 1968 agreement and that no new right of way was involved with the eight inch line. The hearing judge found the Appellants had actual or constructive knowledge of the right of way and the rights and privileges excepted by Mrs. Keim when she conveyed the subject tract and that the laying of the three

___
[2] Some of the pipe previously lay on top of the ground.

inch pipe under such circumstances could not constitute a de facto taking. The hearing judge also found Company's witness' testimony to be credible and that the replacement of the eight inch pipe was pursuant to the 1917 right of way agreement and was not a de facto taking.

In the instant appeal, Appellants contend that Company is relying solely upon the 1968 lease agreement. This is not true. The preliminary objection of Company refers to the 1917 right of way agreement as do the opinions of the court of common pleas entered in this case. Appellants argue that no drilling rights were conveyed by the predecessors in their title. To the contrary, we read the reservation in the deed from Mrs. Keim to her grantees in 1920 to be a clear reservation not just of the coal and gas lying under the surface, but the right to engage in such operations as may be necessary to extract it.

Appellants next contend that the eight inch line was relocated. The finder of fact resolved the conflict in that evidence against Appellants. We may not disturb that finding if it is supported by substantial evidence. Such evidence was presented at the hearing. Appellants' citations to case law where rights of way were extended and thus constituted a de facto taking is good law but does not apply here where the fact finder found no such extension.

## Order

The order of the Court of Common Pleas of Westmoreland County sustaining the preliminary objections of the Peoples Natural Gas Company to the petition of Steve and Mary Beluschok for the appointment of a Board of Viewers is affirmed. The motion of The Peoples Natural Gas Company to quash the appeal is denied.